UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-73 (BAH) |
| v. : | |
| : | |
| NICHOLAS DECARLO and : | |
| NICHOLAS OCHS, : | |
| : | |
| Defendants. : | |

**JOINT STATUS REPORT**

The United States of America, by and through its undersigned attorney, the United States Attorney for the District of Columbia, and the defendants, through counsel Robert Feitel[1], hereby submit this Joint Status Report in response to the Court's Order of November 2, 2024 (ECF 123), which requires the parties to inform the Court as to the status of this matter.

The government intends to proceed with the remaining charges in the Superseding Indictment, and, as it previewed in its Memorandum in Opposition to the Defendants' Motion to Vacate, the government intends to seek additional charges based on the defendants' conduct. *See* ECF 121 at 24-33 (discussing criminal violations of 18 U.S.C. §§ 111(b), 231(a)(3), and 372). Among other things, the government intends to seek the addition of an assault charge in violation of 18 U.S.C. § 111(b) based on the defendants' admitted conduct of throwing of smoke bombs at officers. *See* Ochs Statement of Offense (ECF 79) at ¶ 12 ("[DeCarlo] thew a smoke bomb at the police line. Ochs did the same."); DeCarlo Statement of Offense (ECF 82) at ¶ 13 (same).

On November 20, 2024, the government issued plea offers to the defendants. The plea offers expire on December 13, 2024.

---

[1] As noted herein, Robert Feitel represented both defendants during the pendency of the defendants' appeal following the passing of Nicholas Och's counsel, Edward MacMahon.

Following the passing of Edward MacMahon, counsel Robert Feitel represented both defendants during the pendency of the defendants' appeal. *See* ECF 111 (Notice of Appearance) and 112 (Motion to Vacate under 28 U.S.C. § 2255). For purposes of consideration of the plea and, as necessary, defense of trial, it may be appropriate for the defendants to retain separate counsel.

In light of the foregoing, the parties respectfully request that this Court schedule a status hearing for on or after January 6, 2025, in order to allow time for the defendants to consider the plea offers that have been extended. The parties further respectfully request that this Court extend its stay of vacatur until the status hearing. If the Court is not inclined to extend the stay, the government respectfully requests that this Court grant the government's forthcoming motion (in accordance with 18 U.S.C. § 3296(a)) to reinstate the dismissed counts of the Superseding Indictment (ECF 68), and the parties respectfully request that this Court toll time under the Speedy Trial Act because the ends of justice served by tolling time outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h). Specifically, the parties submit that the additional time will allow the defendants to consider the government's plea offer, consider the retention of separate counsel, and allow time for the government to seek a superseding indictment to add additional charges, if necessary.[2]

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By:   /s/ *Jason McCullough*

---

[2] The parties also note that, in the unique circumstances presented here, the Speedy Trial Act permits the Court to extend the time to bring the case to trial to one hundred and eighty days from the date the action occasioning the trial becomes final "if the unavailability of witnesses or other factors resulting from the passage of time shall make trial within seventy days impractical." 18 U.S.C. § 3161(d)(2). The parties have not had time to formulate their respective positions on this provision at this time.

2

JASON B.A. McCULLOUGH
DC Bar No. 998006; NY Bar No. 4544953
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
(202) 252-7233
jason.mccullough2@usdoj.gov

3